United States District Court
Southern District of Texas

**ENTERED**

May 07, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| XIOMARA COMPANIONI GONZALEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-085 |
| | § | |
| TODD LYONS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Xiomara Companioni Gonzalez is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A). Petitioner bases her habeas action on statutory arguments under 8 U.S.C. §§ 1225 and 1226, and on the Due Process Clause of the Fifth Amendment.

In February 2026, the Fifth Circuit issued its ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which forecloses Petitioner's statutory arguments. The Court then ordered Petitioner to file a statement explaining why *Buenrostro* should not result in the denial of her Petition. (Order, Doc. 7)

In her responsive Reply (Doc. 10), Petitioner contends that when the United States releases an individual on parole, the law does permit Respondents to subsequently re-detain the individual under Section 1225(b) without notice or other procedural protections. She also alleges that the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual under Section 1225(b)(2)(A) without affording the individual an opportunity to seek bond.

For the following reasons, the Court concludes that Petitioner's remaining claims lack merit.

## I.

In 2022, Respondents detained Petitioner and then released her on parole as removal proceedings continued. (Release on Recognizance, Doc. 1–7)  In 2025, Respondents detained the Petitioner, despite "no material change in her personal circumstances[,]" and afforded her no opportunity to seek a bond. (Reply, Doc. 10, 2–3)  Petitioner alleges that having initially detained and paroled her under Section 1226, Respondents cannot reclassify and detain her under Section 1225(b)(2)(A) without notice or other procedural protections, including a bond hearing.

As *Buenrostro* explained, Sections 1225 and 1226 "overlap[,]" rendering some aliens potentially covered by both statutes. *Buenrostro-Mendez*, 166 F.4th at 505.  The Fifth Circuit recognized that "[i]n contrast to past administrations, the current Administration has chosen to exercise a greater portion of its authority by treating applicants for admission under the provision designed to apply to them"–i.e., Section 1225. *Id*.  Here, while the United States initially detained Petitioner under Section 1226, Petitioner identifies no statutory or regulatory provision preventing Respondents from now exercising its authority under Section 1225, which, under *Buenrostro*, has applied to Petitioner since she entered the country.

Ultimately, Petitioner enjoyed liberty within the United States for some years when past administrations exercised their discretion to forego applying Section 1225 to her.  But no statutory or regulatory provision, and no Constitutional principle, requires Respondents to follow specific procedural steps before exercising their authority to the fullest under Section 1225.

In addition, Section 1225(b)(2)(A) contains a material procedural protection by requiring detention only if a USCIS officer determines that an alien "is not clearly and beyond a doubt entitled to be admitted."  Thus, any alien has the opportunity to demonstrate clear entitlement to

2 / 4

admission, thus avoiding the statute's mandatory detention provision.  Here, Petitioner does not assert that she could make such a showing or that she was prevented from attempting to do so.

## II.

Petitioner alleges that her continued detention under Section 1225(b)(2)(A) without an opportunity to seek an individualized bond hearing violates her Fifth Amendment due process rights.

Other courts have considered and rejected substantively-similar arguments. *See, e.g., Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024).  These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g., Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.[1]  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate her due process rights under the Fifth Amendment.

## III.

For these reasons, the Court concludes that Petitioner is not entitled to relief.  Accordingly, it is:

---

[1] While recognizing that other district courts have reached a contrary conclusion on this issue–s*ee, e.g., Ochoa v. Vergara*, No. 1:26-CV-266-RP, 2026 WL 482211 (W.D. Tex. Feb. 20, 2026); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 & n.1 (W.D. Tex. Feb. 9, 2026); *Marceau v. Noem*, No. EP-26-CV-237-KC, 2026 WL 368953 (W.D. Tex. Feb. 9, 2026)–the Court respectfully disagrees with these decisions.

3 / 4

**ORDERED** that Petitioner Petitioner Xiomara Companioni Gonzalez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Preliminary Injunctive Relief (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on May 7, 2026.

_____
Fernando Rodriguez, Jr.
United States District Judge